United States District Court
Southern District of Texas
**ENTERED**
December 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHEDRICK ALEXANDER, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-353 |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## ORDER OF DISMISSAL

The petitioner, Shedrick Alexander, is a parolee who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the validity of a state criminal conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED** without prejudice for lack of jurisdiction. Alexander has filed at least one other federal habeas petition challenging his conviction for aggravated robbery. *See* Southern District of Texas Case Number 3:08-CV-221. That petition was dismissed as time-barred (Case Number 3:08-CV-221 at Dkt. 10, Dkt. 12). If a federal habeas petition is dismissed as time-barred, a subsequent federal habeas petition challenging the same conviction is a successive petition within the meaning of 28 U.S.C. § 2244(b). *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

An applicant wishing to file a successive federal habeas application with a district court must first "move in the appropriate court of appeals for an order authorizing the

district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Alexander must obtain authorization from the Fifth Circuit before filing this petition. Until he obtains that authorization, this Court lacks jurisdiction over the petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and this docket is closed.

2. A certificate of appealability is **DENIED**.

3. All pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on December 20, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE